Filed 3/4/15  P. v. Perez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059991 |
| v. | (Super.Ct.No. RIF1301143) |
| CARMELO JUAN PEREZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Irma Poole Asberry, Judge.  Affirmed.

Marianne Harguindeguy for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, and Scott C. Taylor, and Charles C. Ragland, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury found defendant and appellant Carmelo Juan Perez guilty of one count of inflicting a corporal injury upon a cohabitant or former cohabitant (Pen. Code,[1] § 273.5, subd. (a)), and found true the allegation that he personally inflicted great bodily injury on the victim under circumstances involving domestic violence (§ 12022.7, subd. (e)). The trial court found true the allegations that defendant had a prior strike conviction (§§ 667, subds. (c) & (e), 1170.12, subd. (c)), based on a conviction for active participation in a criminal street gang (§ 186.22, subd. (a)), and that he had five prison priors (§ 667.5, subd. (b)). The court denied defendant's motion to dismiss his prior strike conviction pursuant to section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*). Defendant received an aggregate sentence of 14 years in state prison.[2]

On appeal, defendant asserts two claims of error. First, he contends the evidence introduced at trial was insufficient for the jury to conclude that he inflicted any injury on the victim. Second, defendant argues the trial court abused its discretion in denying his *Romero* motion. We find no error, and therefore affirm.

I. BACKGROUND

Early in the morning on November 4, 2012, the victim was hospitalized and treated for a broken nose, as well as other, more minor injuries to her face. At the time, defendant and the victim were living together as boyfriend and girlfriend. Later, at trial,

---

[1] Further undesignated statutory references are to the Penal Code.

[2] The trial court also imposed a consecutive sentence of one year and four months with respect to one count of possessing a controlled substance (Health & Saf. Code, § 11377, subd. (a)), to which defendant pleaded guilty in a separate case No. RIF1209907. That case is not at issue in the present appeal.

2

the victim attributed her injuries to a slip and fall accident in the kitchen of a friend's house. While in the hospital, however, she had told a different story to a police officer. According to the police officer's testimony at trial, the victim told him that defendant had punched her.

At trial, the victim attributed her statements to the police officer—which she claimed not to remember making—to confusion arising from the alcohol she had been drinking prior to being injured, together with subsequent blood loss, pain medication, and lack of sleep. She testified that she probably had mistakenly described a prior occasion when her former husband (not defendant) had struck her. Nevertheless, an approximately eight-minute recording of a portion of the police officer's hour-long conversation was played for the jury. A transcript of the audio recording was also provided to the jury as a listening aid, but was not admitted to evidence.[3]

## II. DISCUSSION

**A. The Evidence Was Sufficient to Support Defendant's Conviction for Inflicting a Corporal Injury upon a Cohabitant.**

Defendant contends that the evidence at trial was insufficient to support his conviction for inflicting a corporal injury upon a cohabitant. Specifically, he asserts there was "no reasonable, credible evidence of solid value to support the charge that appellant inflicted any injury" on the victim. We disagree.

---

[3] Additional factual and procedural details will be discussed below, as necessary to address defendant's claims of error.

When we review the sufficiency of the evidence to support a conviction, "'"we review the whole record in the light most favorable to the judgment to determine whether it discloses substantial . . . evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.]"' [Citation.]" (*People v. Wilson* (2008) 44 Cal.4th 758, 806 (*Wilson*).) "'"[W]e presume every fact in support of the judgment the trier of fact could have reasonably deduced from the evidence.' [Citation.]" (*Ibid.*) "'"If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant a reversal of the judgment. [Citation.]"' [Citations.]" (*People v. Kraft* (2000) 23 Cal.4th 978, 1053-1954.) Reversal is warranted only where it appears "'that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction.' [Citation.]" (*People v. Bolin* (1998) 18 Cal.4th 297, 331.)

Here, the record does disclose substantial evidence to support the jury's conclusion that defendant caused the victim's injuries. The police officer who interviewed the victim in the hospital immediately after she was injured testified at trial that the victim had unambiguously attributed her injuries to being punched by defendant. The police officer observed that the victim was coherent, had no difficulty understanding his questions, and had no difficulty explaining what had happened. A portion of that interview was recorded, and played for the jury. Both the officer's testimony regarding what the victim told him, and the recording of their conversation, constitute substantial evidence that defendant did in fact inflict the victim's injuries.

4

Defendant argues that the recorded excerpt of the police officer's interview with the victim does not "implicate [defendant] in wrongdoing." Not so. At one point in the recording, emphasized by defendant, the police officer seeks confirmation from the victim that defendant (and not the friend whose house they were at when the victim was injured) was the one who hit her, asking whether it was "[defendant] or the other guy." The transcript provided to the jury as a listening aid indicates that the victim's response was "The other guy." This portion of the recording, however, is virtually inaudible, and the victim could just as easily be understood to say "What other guy?" This alternative interpretation is bolstered by the next exchange in the conversation: The police officer apparently also had trouble hearing the victim's response, and asked "What's that?"; the victim more audibly responded "What other guy?" The jury reasonably could have concluded that the transcript—which, as noted, was not admitted into evidence, but was only a listening aid for the convenience of the jurors—was inaccurate.

In another portion of the recording emphasized by defendant, the police officer says the following: "I still need to know what happened. So [can] we agree it's [defendant] and it's not the other friend that you were with at the house?" The victim responds: "No." Because of the compound form of the police officer's question, the victim's negative response is ambiguous. Defendant apparently interprets the victim's response to mean something like "no, we cannot agree it was defendant who hit me." But the response could just as easily mean "no, it was not the other friend we were with, it was defendant."

5

Other portions of the recorded portion of the interview also are at least susceptible to interpretations that support the conclusion that the victim identified defendant as the person who had hit her. In response to the police officer's cajoling request that she tell him "what's going on," the victim responds "I don't want you guys to take him from me." And when the police officer asked "Now was he mad or why did this thing happen," the victim responded "We kind of, um, been stressed out . . . ." Both of these responses make more sense if the person referred to is a romantic partner, and particularly a cohabitant, rather than just a friend. At the very least, therefore, viewing the evidence in the light most favorable to the judgment—as we must, in the present procedural posture—the recording constitutes substantial evidence that defendant struck the victim, causing her injuries, even if it arguably could have been interpreted otherwise. (See *Wilson*, *supra*, 44 Cal.4th at p. 806.)

Furthermore, nothing compelled the jury to accept the victim's testimony at trial that she had been injured in a slip and fall accident. To the contrary, the jury was entitled to accept the victim's prior identification of defendant as the source of her injuries, and to disbelieve her testimony at trial. (See, e.g., *People v. Avila* (2006) 38 Cal.4th 491, 579-580 [prior inconsistent statement to police officer identifying perpetrator admissible to impeach trial testimony of witness].)

Defendant also suggests in passing that the record lacks evidence that the victim's nose was actually broken, based on the lack of medical records in evidence, possibly implying, without quite asserting, that the jury's true finding on the great bodily injury allegation was insufficiently supported by the evidence. Because this argument is

6

suggested only in passing, it is forfeited. (See *T.P. v. T.W.* (2011) 191 Cal.App.4th 1428, 1440, fn. 12 [court may decline to consider argument that "is not stated under a separate heading, is not sufficiently developed, and is unsupported by citation to authority"].) But in any event, the argument lacks merit. At trial, the victim was asked what sort of injury she had suffered, and she responded "I had my nose broke." The jury was also shown photographs of the victim's injuries, taken on the date they occurred. Defendant introduced no evidence at trial tending to show that the victim's nose was not in fact broken. Even absent the introduction of medical records documenting the victim's injury, therefore, substantial evidence supported the jury's finding that the victim had suffered a broken nose, and that this injury constituted a great bodily injury, in the meaning of section 12022.7. (See, e.g., *People v. Nava* (1989) 207 Cal.App.3d 1490, 1498-1499 [jury "very easily" could find broken nose to constitute great bodily injury as a matter of fact, though such a conclusion was not compelled as a matter of law].)

In short, defendant has identified factors that arguably could have led a jury to a different result, but we are not persuaded that the jury's guilty verdict was unsupported by substantial evidence.

**B. The Trial Court Did Not Abuse Its Discretion by Denying Defendant's *Romero* Motion.**

After trial and prior to sentencing, defendant filed a written motion pursuant to section 1385 and *Romero*, *supra*, 13 Cal.4th at p. 497, to dismiss his prior strike conviction. Defendant contends the trial court erred by denying his *Romero* motion. We find no abuse of discretion.

In ruling on a *Romero* motion, the trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strikes law's] spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).) We review the trial court's ruling on a *Romero* motion for abuse of discretion. (*Williams*, *supra*, at p. 161.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

Here, the record shows that the trial court considered the proper criteria in making its determination not to strike defendant's prior strike conviction. It explicitly cited to *Williams*, *supra*, 17 Cal.4th 148, as stating the standard to be applied, and recited the factors described therein on the record. It discussed the circumstances of defendant's current offenses in some detail, and acknowledged on the record that it had reviewed defendant's lengthy juvenile and adult criminal history as described in the probation report. It observed that defendant's criminal history included few, if any, long stretches of time between offenses since his first involvement in the court system, in 1997. It examined defendant's background, character, and prospects, noting that defendant did not appear to have ever been employed, had dropped out of school in the ninth grade, and had demonstrated a pattern of "resolving disputes with violence," as well as "criminal street gang affiliation." On the positive side of the ledger, the court acknowledged that

8

defendant had recently become involved in a program to obtain his GED. The trial court weighed these factors, and determined that defendant did not "fall[] outside the spirit of the Three Strikes Law." (See *Williams*, *supra*, 17 Cal.4th at p. 161.) We see nothing irrational or arbitrary about that determination, and therefore find no abuse of discretion.

Defendant argues that the trial court failed to consider "favorable relevant evidence" in deciding defendant's *Romero* motion. This argument, however, boils down to the notion that the trial court should have given more weight to the circumstance that the facts underlying his prior strike offense for active participation in a criminal street gang were not particularly egregious, so far as such facts go, and the injuries suffered by the victim in the present case were not "particularly grievous." As noted above, the trial court considered defendant's prior strike offense, as described in the probation report, as well as the facts of the present case, in ruling on defendant's *Romero* motion. It simply did not view them as favorably as defendant would have preferred. That is not the same thing as failing to consider favorable relevant evidence. Defendant has not demonstrated any abuse of discretion.

### III. DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
                J.

We concur:

RAMIREZ
        P.J.

MCKINSTER
        J.

9